IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shazjuan Sadiq Shabazz, #196841,  )<br>                                                         )<br>                                  Petitioner,  )<br>                                                         )<br>                   v.                              )<br>                                                         )<br>Joseph McFadden, *Warden*,         )<br>                                                         )<br>                                  Respondent.  ) | Civil Action No.:2:14-cv-747-MGL-WWD<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Petitioner's Motion to Dismiss (Dkt. No. 25.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought the instant habeas action on February 28, 2014; on June 26, 2014, Respondent moved for summary judgment. (Dkt. No. 1; Dkt. No. 22; see also Dkt. No. 21.) By order filed June 27, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 23.)

On July 6, 2014, Petitioner filed a Motion to Dismiss; Respondent filed a Response to Petitioner's motion on July 28, 2014. (Dkt. No. 25; Dkt. No. 26.) On September 5, 2014, the undersigned issued the following text order:

> TEXT ORDER re 25 Motion to Dismiss. On or about July 6, 2014, Petitioner filed a Motion to Dismiss his federal habeas petition, stating that he requests dismissal "without prejudice... [to] allow [him] the opportunity to present [his] issues for exhaustion within a lower court." (Dkt. No. 25.) Respondent filed a Response to the Motion to Dismiss, indicating he takes no position as to whether Petitioner's Motion to Dismiss should be granted. (See Dkt. No. 26.) Respondent asserts, however, that "Petitioner cannot return to state court to properly exhaust his claims," and if the instant federal habeas action is dismissed, Petitioner "will be unable to timely file a second federal habeas

action." (Dkt. No. 26 at 1 of 6.) In light of Respondent's filing, Petitioner is ORDERED to file a Status Report on or before 9/30/2014, indicating whether he does, in fact, seek to dismiss the instant federal habeas petition. AND IT IS SO ORDERED.

(Dkt. No. 27.) The time to file a Status Report has come and gone, and Petitioner has not filed any response to the undersigned's text order dated September 5, 2014.

In light of the foregoing, the undersigned recommends that Petitioner's Motion to Dismiss (Dkt. No. 25) be GRANTED, and that the instant petition be dismissed without prejudice. To the extent a certificate of appealability is requested, the undersigned recommends such request be DENIED.[1]

IT IS SO RECOMMENDED.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 16, 2014
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[1] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).