

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SHAZJUAN SADIQ SHABAZZ,<br>      Petitioner,<br><br>vs.<br><br>JOSEPH MCFADDEN, Warden,<br>      Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 2:14-747-MGL-WWD<br>§<br>§<br>§ |

### AMENDED ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING PETITIONER'S MOTION TO DISMISS, AND DISMISSING PETITIONER'S HABEAS PETITION WITHOUT PREJUDICE

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court grant Petitioner's motion to dismiss and dismiss Petitioner's habeas petition without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 16, 2014, but Petitioner failed to file any objections, even after he requested and the Court granted to him a generous extension to do so. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Petitioner filed a motion to dismiss in this case requesting dismissal "without prejudice . . . [to] allow [him] the opportunity to present [his] issues for exhaustion within a lower court." Petitioner's Motion to Dismiss. In his response, Respondent asserted that "Petitioner cannot return to state court to properly exhaust his claims," and if the instant federal habeas action is dismissed, Petitioner "will be unable to timely file a second federal habeas action." Respondent's Response to Petitioner's Motion to Dismiss. Thereafter, the Magistrate Judge asked Petitioner to file a status report with the Court not later than September 30, 2014, stating whether he still sought to dismiss his habeas petition. Having received no response, the Magistrate Judge filed a Report recommending granting Petitioner's motion to dismiss and dismissing the petition without prejudice. As noted above, Petitioner has failed to file any objections to the Report, even after this Court granted to him additional time to do so.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Petitioner's motion to dismiss is **GRANTED** and his habeas petition is **DISMISSED WITHOUT PREJUDICE**. Any pending motions, therefore, are rendered **MOOT**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 17h day of December, 2014, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.